TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
TALI L. ALBAN (Bar # 233694)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
gsgilchrist@townsend.com;
tlalban@townsend.com

Attorneys for Plaintiff
Williams-Sonoma, Inc.

*ORIGINAL FILED*

*OCT 19 2007*

*RICHARD W. WIEKING*
*U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-Filing*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Case No. **C 07 5365 MEJ**

| | |
|---|---|
| WILLIAMS-SONOMA, INC.<br><br>Plaintiff,<br><br>v.<br><br>IDEANA.COM, a California Company, and NASSERY OZEIR, an individual<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT** |

Plaintiff Williams-Sonoma, Inc. ("WSI") alleges as follows:

### INTRODUCTION

1.      The purpose of this lawsuit is to seek injunctive relief to stop defendants Ideana.com ("Ideana") and Nassery Ozeir (collectively, "Defendants"), from copying original photographs of products belonging to plaintiff Williams-Sonoma, Inc. ("WSI"), and displaying the stolen photographs on Defendants' competitive website, and from using WSI's federally registered trademark to attract potential customers. In addition, WSI seeks damages for the harm Defendants' infringing practices have caused WSI.

2.      Defendants are engaged in a practice of electronically copying product images displayed in WSI's Pottery Barn brand catalogs and converting them to their own use. Unless Defendants are restrained from engaging in this practice, WSI will continue to suffer irreparable

1  harm and competitive disadvantage.

**THE PARTIES**

2

3      3.      WSI is a premier specialty retailer of home furnishings, including furniture and

4  accessories for kitchens, bedrooms and bathrooms.  WSI sells nationwide through retail stores,

5  catalogs and the Internet.  In addition to the well known Williams-Sonoma operations, WSI operates

6  wholly owned subsidiaries Pottery Barn, Inc. ("Pottery Barn"), Pottery Barn Kids, Inc., Pottery Barn

7  Teen, Inc., and West Elm, among others.  Within Pottery Barn, WSI distributes and sells through

8  Pottery Barn® stores, Pottery Barn® catalogs and the Internet.  The Pottery Barn® brand is one of

9  the most respected brands in the home furnishings business and enjoys enormous goodwill among

10 consumers.  The Pottery Barn® catalogs have widespread circulation (over millions per year) and are

11 received and used by a large consumer base in every part of the United States.  WSI and Pottery Barn

12 are headquartered in San Francisco, California.

13     4.      WSI is informed and believes, and on that basis alleges, that defendant Ideana is a

14 California company based in Alameda County, California.  WSI is further informed and believes that

15 Ideana is owned and operated by defendant Nassery Ozeir.  Defendants currently operate a website

16 through which Defendants advertise and sell home furnishings.  Defendants also advertise their

17 products through Internet classified listings.

**JURISDICTION AND VENUE**

18

19     5.      WSI's first claim arises under the Copyright Act, Title 17 of the United States Code.

20 WSI's second and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended

21 by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, *et seq.*).  Jurisdiction is conferred

22 under 28 U.S.C. § 1338(a) and (b), 28 U.S.C. § 1331 and 15 U.S.C. § 1121.  This Court has

23 supplemental jurisdiction over all other claims under U.S.C. § 1367.

24     6.      Venue is proper in this Court under 28 U.S.C. § 1391(a) and (b) because Defendants

25 make ongoing solicitations for business and sales of products and display the infringing photographs

26 in this judicial district, and a substantial part of the activities giving rise to WSI's claims arose here.

27     7.      Intradistrict assignment under Local Rule 3-5(b) and 3-2(c) is proper because a

28 substantial part of the alleged events, including Defendants' display of the infringing images, occurred

1  in one or more of the counties listed in Local Rule 3-2(d).

2  **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

3  **WSI's Valuable Pottery Barn® Intellectual Property**

4      8.    In the course of its business, WSI, through its Pottery Barn® brand, conceives, designs,

5  and commercializes a large number of original furniture and other home accessories.  WSI has sold

6  and continues to sell Pottery Barn® products through its Pottery Barn® stores, catalogs and the

7  Internet.

8      To further protect its rights under the Pottery Barn® brand, WSI owns several trademarks and

9  applications, including the following:

10      a.    THE POTTERY BARN, registration number 655819 (filed 8/02/1956,

11  registered 12/17/1957);

12      b.    THE POTTERY BARN, registration number 959383 (filed 5/12/1972,

13  registered 5/22/1973);

14      c.    THE POTTERY BARN, registration number 976194 (filed 1/05/1973,

15  registered 1/08/1974);

16      d.    THE POTTERY BARN, registration number 976344 (filed 1/05/1973,

17  registered 1/08/1974);

18      e    POTTERY BARN, registration number 2021077 (filed 2/12/1996, registered

19  12/03/1996).

20      These registrations are attached as Exhibit A.

21      9.    WSI has continuously used its Pottery Barn® mark in interstate commerce in the

22  United States, including California and this judicial district, and throughout the world in connection

23  with the manufacture, distribution, sale, advertisement and promotion of its products during all time

24  periods relevant to the claims in the Complaint.

25      10.    WSI's Pottery Barn® mark appears prominently on all Pottery Barn® catalogs, which

26  are widely distributed.  To protect WSI's investment in the images appearing in the catalogs, WSI

27  obtained and currently owns valid copyright registrations for its Pottery Barn® catalogs.  Specifically

28  - WSI owns copyright Registration Nos. TX 6-220-546, TX 6-319-963, TX 6-453-549, TX 6-506-749,

1 copies of which registrations are attached as Exhibit B.

2    11.    Prior to the events giving rise to this Complaint, and continuing to the present, WSI has

3 spent great time, money and effort in the promotion and advertisement of its products, and has made

4 millions of dollars of sales in the market with use of its Pottery Barn® marks.  Significant resources

5 are also expended to ensure product branding, continuity and recognition though all channels,

6 including the Pottery Barn® catalogs.  Due to these efforts, images from Pottery Barn® catalogs

7 convey the quality, style and feel of the Pottery Barn® brand, and through such substantial investment

8 and effort, WSI has developed considerable good will.

9    12.    By virtue of WSI's long use of its Pottery Barn® trademarks, as well as WSI's

10 extensive advertising, and large volume of sales, potential and actual consumers accept and recognize

11 the Pottery Barn® marks as identifying WSI's products only and distinguishing them from products

12 manufactured and sold by others.

13    **Defendants' Misappropriation of WSI's Intellectual Property**

14    13.    Defendants have systematically made electronic copies of WSI's copyrighted images

15 and then displayed them on their website and in Internet classified advertisements in order to sell their

16 own products.  WSI has specifically identified several stolen images and, based on the nature of the

17 practice, it is possible that there are many more.  Examples of WSI's copyrighted catalog images are

18 attached as Exhibit C.  Examples of these same images from Defendants' website, www.Ideana.com

19 are attached as Exhibit D.  These images reveal that Defendants have displayed the identical image

20 taken from WSI's Pottery Barn® catalogs, at most electronically inverting and/or stretching WSI's

21 images.

22    14.    Similarly, Defendants advertise their products through online classified listings, such as

23 on "Craigslist.org."  Attached as Exhibit E are examples of Defendants' Craigslist.org advertisements.

24 These images reveal that Defendants have displayed the identical image taken from WSI's Pottery

25 Barn catalogs®, at most electronically inverting and/or stretching WSI's images.

26    15.    In addition, on information and belief, Defendants mislead consumers by proclaiming

27 in large letters, immediately above the stolen images from the Pottery Barn® catalogs, that they sell

28 "Pottery Barn Style" furniture. (Exhibit E).  The use of the Pottery Barn trademark when combined

1  with the use of the photographs is likely to give consumers the impression that they will receive

2  authentic Pottery Barn® furnishings instead of Defendants' counterfeit and inferior-quality products.

3       16.    Furthermore, WSI is informed and believes and on that basis alleges that in order to

4  attract potential buyers to its advertisements on the Craigslist.org website, Defendants have engaged in

5  a practice of embedding the words "pottery barn" into its Craigslist.org advertisements so that

6  searches for the Pottery Barn® mark and products on Craigstlist.org would also yield Defendants' own

7  advertisements, featuring the stolen images from WSI's catalogs.  This is accomplished by including

8  "pottery barn" in tiny, almost indiscernible, font (see example, Exhibit F).

9       17.    WSI is informed and believes and on that basis alleges that Defendants have copied and

10  displayed WSI's copyrighted images in willful disregard of WSI's rights in order to take advantage of

11  WSI's valuable good will and hard-earned reputation as a producer of high-quality goods.

12       **FIRST CLAIM - COPYRIGHT INFRINGEMENT 17 U.S.C. § 101 et. seq.**

13       18.    WSI realleges and incorporates by reference each of the allegations contained in

14  paragraphs 1 through 16 of this Complaint.

15       19.    Each photographic product image in Exhibits D and E that appears on Defendants'

16  website or in Defendants' Craigslist.org advertisements was an original photograph created by WSI

17  and is the subject of WSI's copyright registrations.  Exhibit B.

18       20.    Each photographic image copied and displayed by Defendants constitutes a separate act

19  of copyright infringement.

20       21.    WSI has complied in all respects with the requirements of the Copyright Act and

21  received from the Register of Copyrights certificates of registration for its related photographic works.

22       22.    Defendants' infringements were intentional, willful and in bad faith, entitling WSI to

23  statutory damages under the Copyright Act.

24       23.    Defendants' copyright infringements have caused and are causing WSI great damages

25  and irreparable harm while simultaneously affording Defendants a competitive advantage.  Unless this

26  Court restrains Defendants  from committing further acts of copyright infringement and from

27  displaying images already stolen, WSI will suffer further irreparable injury for which it has no

28  adequate remedy of law.

## SECOND CLAIM - FEDERAL TRADEMARK INFRINGEMENT (TRADEMARK INFRINGEMENT AND COUNTERFEITING)
### (15 U.S.C. §§ 1114-1117)

24.    WSI. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 23 of this Complaint.

25.    With actual and constructive notice of WSI's registered marks and of WSI's extensive and continuous use of the Pottery Barn mark, Defendants, without WSI's authorization or consent, have sold, offered for sale, distributed, and advertised in commerce, counterfeit home furnishings using the Pottery Barn mark.

26.    Defendants' use of the Pottery Barn mark, along with the stolen images of Pottery Barn® furniture are likely to cause consumers to believe that they are receiving authentic Pottery Barn® furnishings and instead receive Defendants' counterfeit and inferior-quality products.

27.    Such actions by Defendants have caused, and are likely to continue to cause, confusion, mistake and deception by, or in, among consumers who have been, and will continue to be, led to believe that Defendants' products are genuine Pottery Barn® brand products.  Defendants' conduct constitutes trademark infringement and counterfeiting under federal law.

28.    As a direct and proximate result of Defendants' activities as alleged above, WSI has suffered serious damage.  Upon information and belief, unless Defendants are restrained by this Court, Defendants will continue and/or expand the illegal activities alleged above, by infringing and counterfeiting the Registered Marks and otherwise continue to cause great and irreparable damage and injury to WSI through, inter alia, (a) causing a likelihood of confusion, mistake and deception among the relevant purchasing public and trade as to the source of the Counterfeits; (b) causing disruption and damage to WSI's marketing and distribution systems and; (c) causing incalculable damage to WSI's goodwill.

29.    Defendants' conduct also harms consumers by passing off phony, poor quality products as genuine WSI products and defrauding consumers into purchasing these inferior knock-offs.

30.    Defendants' infringement and counterfeiting of the Pottery Barn mark as alleged herein is an exceptional case and was intentional.  Defendants, on information and belief, have passed off the counterfeits knowing such products are not genuine.  Said exceptional and intentional infringement

1  has damaged WSI as described above, entitling WSI to treble its actual damages or Defendants'

2  profits and to an award of costs and attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

3  Alternatively, WSI is entitled to the maximum statutory damages allowed under 15 U.S.C. § 1117(c).

4  WSI has no adequate remedy at law.

5  **THIRD CLAIM - FEDERAL UNFAIR COMPETITION**
   **(Trademark Infringement and False Designation of Origin)**

6  **(15 U.S.C. § 1125; Lanham Act § 43(a))**

7      31.    WSI realleges and incorporates by reference each of the allegations contained in

8  paragraphs 1 through 30 of this Complaint.

9      32.    Defendants' conduct constitutes the use of words, terms, names, symbols or devices

10  tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).

11  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the

12  affiliation, connection, association, origin, sponsorship or approval of the infringing products to the

13  detriment of WSI and in violation of 15 U.S.C. § 1125(a)(1).

14      33.    Defendants willfully intended to trade on WSI's reputation or to cause dilution of the

15  Pottery Barn mark.

16      34.    WSI is entitled to injunctive relief against Defendants' conduct pursuant to the Federal

17  Trademark Dilution Act of 1995, codified at 15 U.S.C. § 1125(c), damages, extraordinary damages,

18  fees, and costs, and all other damages provided by law.

19
20  **FOURTH CLAIM**
    **FEDERAL DILUTION OF FAMOUS MARKS**
    **(Federal Trademark Dilution Act of 1995)**

21  **(15 U.S.C. § 1125(c); Lanham Act § 43(a))**

22
23      35.    WSI. realleges and incorporates by reference each of the allegations contained in

24  paragraphs 1 through 34 of this Complaint.

25      36.    WSI's Pottery Barn mark is distinctive and famous within the meaning of the Federal

26  Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

27      37.    Defendants' activities as alleged in this Complaint constitute dilution of the distinctive

28  quality of WSI's trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §

1    1125(c).

2        38.    WSI is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

3        39.    Because Defendants willfully intended to trade on WSI's reputation or to cause dilution

4    of WSI's famous trademark, WSI is entitled to damages, extraordinary damages, fees and costs

5    pursuant to 15 U.S.C. § 1125(c)(2).

6                                **FOURTH CLAIM**
                        **CALIFORNIA UNFAIR COMPETITION**
7                          **(Cal. Bus. & Prof. Code § 17200)**

8        40.    WSI realleges and incorporates by reference each of the allegations contained in

9    paragraphs 1 through 39 of this Complaint.

10        41.    Defendants' infringement of WSI's Pottery Barn® mark constitutes "unlawful, unfair or

11    fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within

12    the meaning of California Business & Professions Code § 17200.

13        42.    As a consequence of Defendants' actions, WSI is entitled to injunctive relief and an

14    order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing goods.

15                              **RELIEF REQUESTED**

16    WHEREFORE, WSI prays that this Court grant it relief as follows:

17        (1)    Order and adjudge that Defendants and their agents, servants, employees, and all

18    persons acting under their permission and authority, be temporarily and permanently enjoined and

19    restrained from infringing, in any manner, WSI's copyrights, and from further unfairly competing with

20    WSI or continuing to perform in any manner whatsoever any of the acts complained of in this

21    Complaint;

22        (2)    Order and adjudge that Defendants and their agents, servants, employees, and all

23    persons acting under their  permission and authority, be temporarily and permanently enjoined and

24    restrained from infringing, in any manner, WSI's Pottery Barn® mark;

25        (3)    Order and adjudge that Defendants immediately be required to supply WSI's counsel

26    with a complete list of photographs that they copied from WSI's catalogs, a report of the dates when

27    the photographs were displayed and an accounting of all revenues and profits from sales made using

28    the copied photographs during the time they were displayed;

1       (4)     Order and adjudge that Defendants immediately be required to supply WSI's counsel

2   with an inventory of each location and manner of storage of every copy of such photographs, be they

3   digitally recorded on Defendants' computers, servers, networks, disks or otherwise, or on any printed

4   or photocopied materials;

5       (5)     Order that Defendants immediately be required to delete or destroy all electronic files

6   or disks containing WSI's photographs and to deliver to WSI's counsel its entire inventory of any

7   printed materials of any kind displaying the images, including all source materials used for producing

8   or printing such items, which are in Defendants' possession or subject to its control;

9       (6)     Adjudge that Defendants have competed unfairly with WSI in violation of WSI's rights

10   under common law, 15 U.S.C. § 1125(a), and/or California law;

11       (7)     Adjudge that Defendants' activities are likely to, or have, diluted WSI's famous Pottery

12   Barn® mark in violation of WSI's rights under common law, 15 U.S.C. § 1125(c), and/or California

13   law;

14       (8)     Order that Defendants pay to WSI its actual damages and lost profits in an amount to

15   be proven at trial, that Defendants be required to account for any profits that are attributable to their

16   illegal acts, and that WSI be awarded the greater of either three times Defendants' profits, three times

17   any damages WSI has sustained, and/or statutory damages, as appropriate to each of its claims, plus

18   prejudgment interest;

19       (9)     Order that Defendants pay all of WSI's costs of suit, including its reasonable attorneys'

20   fees; and

21       (10)    Award WSI such other and further relief as is just and equitable.

22   DATED: October 19, 2007         Respectfully submitted,

23

24                        By:
                                Gregory S. Gilchrist

25                                Tali L. Alban
                                TOWNSEND AND TOWNSEND AND CREW LLP

26                                Two Embarcadero Center, Eighth Floor
                                San Francisco, California  94111

27                                Telephone: (415) 576-0200
                                Facsimile: (415) 576-0300

28                                Attorneys for Plaintiff
                                Williams-Sonoma, Inc.

1

## DEMAND FOR JURY TRIAL

2

3          WSI demands that this action be tried to a jury.

4

5    DATED: October 19, 2007              Respectfully submitted,

6

7                                        By: _____
                                             Gregory S. Gilchrist
8                                            Tali L. Alban
                                             TOWNSEND AND TOWNSEND AND CREW LLP
9                                            Two Embarcadero Center, Eighth Floor
                                             San Francisco, California 94111
10                                           Telephone: (415) 576-0200
                                             Facsimile: (415) 576-0300
11
                                             Attorneys for Plaintiff
12                                           Williams-Sonoma, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

# United States Patent Office

**655,819**
Registered Dec. 17, 1957

## PRINCIPAL REGISTER
### Trademark

Ser. No. 13,316, filed Aug. 2, 1956

 THE POTTERY BARN

Paul Secon, doing business as The Pottery Barn
213 10th Ave.
New York 11, N. Y.

For: DINNERWARE, OVENWARE, KITCHEN-WARE, ART AND DECORATIVE WARE—NAMELY, DISHES, DISH SERVICES, BEVERAGE SERVICES, MUGS, TILES, PANS, VASES, FLOWER POTS, ALL MADE OF CROCKERY, EARTHENWARE, AND PORCELAIN—in CLASS 30.

First use Apr. 2, 1956; in commerce Apr. 2, 1956.

## Amendment

Registered December 17, 1957                    Registration No. 655,819

Paul Secon, doing business as The Pottery Barn

Application to amend having been made by The Pottery Barn, Inc., owner of the registration above identified, the drawing is amended to appear as follows:



Such amendment has been entered upon the records of the Patent and Trademark Office and the said original registration should be read as so amended.

Signed and sealed this 27th day of June 1978.

[SEAL]

Attest:

JANIE COOKSEY,
*Attesting Officer.*

DONALD W. BANNER,
*Commissioner.*

# United States Patent Office

**959,383**
Registered May 22, 1973

## PRINCIPAL REGISTER
### Trademark

Ser. No. 424,103, filed May 12, 1972

## THE POTTERY BARN

International Designers Group, Inc. (New York corporation)
231 10th Ave.
New York, N.Y.   10011

For: GLASSWARE — NAMELY, STEMWARE, GLASSES, CASSEROLES, RELISH DISHES, CAKE PLATES, SERVING BOWLS, SALAD BOWLS, SAUCE DISHES, PLATTERS, TRAYS, ICE TUBS, COMPOTES, CRUETS, AND MARTINI SETS—in CLASS 33 (INT. CL. 21).

First use Apr. 2, 1956; in commerce Apr. 2, 1956.

Int. Cl.: 21

Prior U.S. Cl.: 33

**United States Patent and Trademark Office**

Reg. No. 959,383

Registered May 22, 1973

10 Year Renewal

Renewal Term Begins May 22, 1993

# TRADEMARK
## PRINCIPAL REGISTER

## THE POTTERY BARN

WILLIAMS-SONOMA, INC. (CALIFORNIA CORPORATION)
100 NORTH POINT STREET
SAN FRANCISCO, CA 94133, BY ASSIGNMENT AND ASSIGNMENT FROM INTERNATIONAL DESIGNERS GROUP, INC. (NEW YORK CORPORATION) NEW YORK, NY

FOR: GLASSWARE; NAMELY, STEMWARE, GLASSES, CASSEROLES, RELISH DISHES, CAKE PLATES, SERVING BOWLS, SALAD BOWLS, SAUCE DISHES, PLATTERS, TRAYS, ICE TUBS, COMPOTES, CRUETS, AND MARTINI SETS, IN CLASS 33 (INT. CL. 21).

FIRST USE 4-2-1956; IN COMMERCE 4-2-1956.

SER. NO. 72-424,103, FILED 5-12-1972.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Aug. 24, 1993.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

976,194

Registered Jan. 8, 1974

## PRINCIPAL REGISTER
### Trademark

Ser. No. 445,269, filed Jan. 5, 1973

## THE POTTERY BARN

International Designers Group, Inc. (New York corpora-
tion)
231 10th Ave.
New York, N.Y.   10011

For:   WOODENWARE—NAMELY,   CANISTERS,
TRAYS, SPICE CONTAINER RACKS, ICE BUCKETS,
AND SALAD BOWLS—in CLASS 2 (INT. CL. 21).
First use Apr. 2, 1956; in commerce Apr. 2, 1956.
Owner of Reg. No. 655,819.

# United States Patent Office

**976,194**
Registered Jan. 8, 1974

## PRINCIPAL REGISTER
### Trademark

Ser. No. 445,269, filed Jan. 5, 1973

# THE POTTERY BARN

International Designers Group, Inc. (New York corporation)
231 10th Ave.
New York, N.Y.  10011

For: WOODENWARE—NAMELY, CANISTERS, TRAYS, SPICE CONTAINER RACKS, ICE BUCKETS, AND SALAD BOWLS—in CLASS 2 (INT. CL. 21).
First use Apr. 2, 1956; in commerce Apr. 2, 1956.
Owner of Reg. No. 655,819.

Int. Cl.: 21

Prior U.S. Cl.: 2

Reg. No. 976,194

**United States Patent and Trademark Office**

Registered Jan. 8, 1974

10 Year Renewal

Renewal Term Begins Jan. 8, 1994

## TRADEMARK
## PRINCIPAL REGISTER

## THE POTTERY BARN

WILLIAMS-SONOMA, INC. (CALIFOR-
NIA CORPORATION)
100 NORTH POINT STREET
SAN FRANCISCO, CA 94133, BY AS-
SIGNMENT AND ASSIGNMENT
FROM INTERNATIONAL DESIGNERS
GROUP, INC. (NEW YORK CORPORA-
TION) NEW YORK, NY

OWNER OF U.S. REG. NO. 655,819.

FOR:    WOODENWARE—NAMELY,
CANISTERS, TRAYS, SPICE CONTAIN-
ER RACKS, ICE BUCKETS, AND
SALAD BOWLS, IN CLASS 2 (INT. CL.
21).

FIRST USE 4-2-1956; IN COMMERCE
4-2-1956.

SER. NO. 72-445,269, FILED 1-5-1973.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Dec. 14, 1993.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

**976,344**
Registered Jan. 8, 1974

## PRINCIPAL REGISTER
### Trademark

Ser. No. 445,270, filed Jan. 5, 1973

## THE POTTERY BARN

International Designers Group, Inc. (New York corporation)
231 10th Ave.
New York, N.Y.   10011.

For: FLATWARE—NAMELY, KNIVES, FORKS, AND SPOONS MADE OF NON-PRECIOUS METAL—in CLASS 23 (INT. CL. 8).

First use Apr. 2, 1956; in commerce Apr. 2, 1956.
Owner of Reg. No. 655,819.

J. FITCH, Examiner

# United States Patent Office

**976,344**
Registered Jan. 8, 1974

## PRINCIPAL REGISTER
## Trademark

Ser. No. 445,270, filed Jan. 5, 1973

## THE POTTERY BARN

International Designers Group, Inc. (New York corporation)
231 10th Ave.
New York, N.Y.   10011.

For: FLATWARE—NAMELY, KNIVES, FORKS, AND SPOONS MADE OF NON-PRECIOUS METAL—in CLASS 23 (INT. CL. 8).

First use Apr. 2, 1956; in commerce Apr. 2, 1956.

Owner of Reg. No. 655,819.

J. FITCH, Examiner

Int. Cl.: 8

Prior U.S. Cl.: 23

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 976,344

Registered Jan. 8, 1974

Renewal Term Begins Jan. 8, 1994

## TRADEMARK
## PRINCIPAL REGISTER



WILLIAMS-SONOMA, INC. (CALIFORNIA CORPORATION)
100 NORTH POINT STREET
SAN FRANCISCO, CA 94133, BY ASSIGNMENT AND ASSIGNMENT FROM INTERNATIONAL DESIGNERS GROUP, INC. (NEW YORK CORPORATION) NEW YORK, NY

OWNER OF U.S. REG. NO. 655,819.

FOR: FLATWARE—NAMELY, KNIVES, FORKS, AND SPOONS MADE OF NON-PRECIOUS METAL, IN CLASS 23 (INT. CL. 8).

FIRST USE 4–2–1956; IN COMMERCE 4–2–1956.

SER. NO. 72–445,270, FILED 1–5–1973.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Dec. 7, 1993.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,021,077

Registered Dec. 3, 1996

## SERVICE MARK
### PRINCIPAL REGISTER

## POTTERY BARN

WILLIAMS-SONOMA, INC. (CALIFORNIA CORPORATION)
100 NORTH POINT STREET
SAN FRANCISCO, CA 94133

FOR: RETAIL STORE SERVICES AND MAIL ORDER CATALOG SERVICES FEATURING HOUSEWARES, GLASSWARE, TABLEWARE, FLATWARE, INDOOR AND OUTDOOR FURNITURE, PILLOWS, SLIPCOVERS, RUGS, LAMPS AND LIGHTING FIXTURES, CURTAINS, CURTAIN RODS, TABLE LINENS, BED LINENS, BATH LINENS, BATH OILS, SKIN CARE LOTIONS AND OILS, FRAGRANCE OILS, POTPOURRI, CANDLE HOLDERS, PICTURE FRAMES, MIRRORS, VASES, BASKETS MADE OF WICKER, INTERIOR DECORATING BOOKS, INTERIOR WALL AND FURNITURE PAINT, WALL COVERINGS, WINDOW COVERINGS, WINDOW SHADES, FABRIC, NAMELY CURTAIN FABRIC, UPHOLSTERY FABRIC, FABRIC MADE OF COTTON AND FABRIC MADE OF GAUZE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 4-0-1956; IN COMMERCE 4-0-1956.

OWNER OF U.S. REG. NOS. 655,819, 1,118,502 AND OTHERS.

SER. NO. 75-056,716, FILED 2-12-1996.

JERI J. FICKES, EXAMINING ATTORNEY

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

Reg. No. 2,021,077

## United States Patent and Trademark Office

Registered Dec. 3, 1996

## SERVICE MARK
### PRINCIPAL REGISTER

## POTTERY BARN

WILLIAMS-SONOMA, INC. (CALIFORNIA CORPORATION)
100 NORTH POINT STREET
SAN FRANCISCO, CA 94133

FOR: RETAIL STORE SERVICES AND MAIL ORDER CATALOG SERVICES FEATURING HOUSEWARES, GLASSWARE, TABLEWARE, FLATWARE, INDOOR AND OUTDOOR FURNITURE, PILLOWS, SLIPCOVERS, RUGS, LAMPS AND LIGHTING FIXTURES, CURTAINS, CURTAIN RODS, TABLE LINENS, BED LINENS, BATH LINENS, BATH OILS, SKIN CARE LOTIONS AND OILS, FRAGRANCE OILS, POTPOURRI, CANDLE HOLDERS, PICTURE FRAMES, MIRRORS, VASES, BASKETS MADE OF WICKER, INTERIOR DECORATING BOOKS, INTERIOR WALL AND FURNITURE PAINT, WALL COVERINGS, WINDOW COVERINGS, WINDOW SHADES, FABRIC, NAMELY CURTAIN FABRIC, UPHOLSTERY FABRIC, FABRIC MADE OF COTTON AND FABRIC MADE OF GAUZE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 4–0–1956; IN COMMERCE 4–0–1956.

OWNER OF U.S. REG. NOS. 655,819, 1,118,502 AND OTHERS.

SER. NO. 75–056,716, FILED 2–12–1996.

JERI J. FICKES, EXAMINING ATTORNEY

# Exhibit B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TX 6-220-546**

EFFECTIVE DATE OF REGISTRATION

Month **SEP** Day **01** Year **05**

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**
Pottery Barn Catalog - Christmas 2004: The Perfect Bar (Maxfield Hotel Collection)

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

## 2

**a**  **NAME OF AUTHOR ▼**
Williams-Sonoma Direct, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of material created by this author in which copyright is claimed ▼

### NOTE

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**  **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**  **NAME OF AUTHOR ▼**
Pottery Barn Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of material created by this author in which copyright is claimed. ▼
Text and pictorial matter

## 3

**a**  **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**  This information must be given in all cases.
~~2005~~ 2004  ◀ Year

**b**  **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**  Complete this information ONLY if this work has been published.
Month ▶ 11  Day ▶ 30  Year ▶ 2004   Nation   USA

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Williams-Sonoma, Inc., 3250 Van Ness Avenue, San Francisco, CA 94109

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
**SEP 01 2005**
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
**SEP 01 2005**
FUNDS RECEIVED

See instructions before completing this space.

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions.
• Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

*Amended by C.O authority email rec'd 4-7-06
from Holly Ross

| EXAMINED BY | | FORM TX |
| CHECKED BY | | |
| ☐ CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▶ _____ Year of Registration ▶ _____

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼ _____ Account Number ▼ _____

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Holly Ross c/o Williams-Sonoma, Inc., 3250 Van Ness Avenue, San Francisco, CA 94109

**b**

**7**

Area code and daytime telephone number ▶ 415 616 8627    Fax number ▶ 415 277 9598

Email ▶ hross@wsgc.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶

☐ author

☑ other copyright claimant

☐ owner of exclusive right(s)

☐ authorized agent of _____

Name of author or other copyright claimant or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Holly Ross _____ Date ▶ 08/12/05

Handwritten signature (X) ▼

X _____

| Certificate will be mailed in window envelope to this address: | Name ▼ Holly Ross c/o Williams-Sonoma, Inc. |
| | Number/Street/Apt ▼ 3250 Van Ness Avenue |
| | City/State/ZIP ▼ San Francisco, CA 94109 |

**9**

*17 U.S.C. § 506(e). Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: July 2003—xxx    Web Rev: July 2003    ☻ Printed on recycled paper    U.S. Government Printing Office: 2000-461-113/20,021

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TX 6-319-963**

EFFECTIVE DATE OF REGISTRATION

MAR 23 2006
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**1**

**TITLE OF THIS WORK ▼**
Pottery Barn Catalog Winter 2006 Time For A Change

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical serial or collection give information about th collective work in which the contribution appeared    **Title of Collective Work ▼**

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**a**

**NAME OF AUTHOR ▼**
Williams Sonoma Inc

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire ?
☑ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
    { Domiciled in ▶

**WAS THIS AUTHOR S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No
If the answer to either of these questions is Yes see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer for other person for whom the work was prepared as Author of that part and leave the space for dates of birth and death blank

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire ?
☐ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

**WAS THIS AUTHOR S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is Yes see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire ?
☐ Yes
☐ No

**AUTHOR S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

**WAS THIS AUTHOR S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is Yes see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

---

**3**

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ONLY if this work has been published
2006 ◀ Year in all cases

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information Month ▶ 01    Day ▶ 3    Year ▶ 2006
USA    ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Williams Sonoma Inc 3250 Van Ness Avenue San Francisco CA 94109

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtain d ownership of the copyright ▼

APPLICATION RECEIVED
MAR 23 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR 23 2006

FUNDS RECEIVED

---

**MORE ON BACK ▶**    Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | | FORM TX |
|---|---|---|
| CHECKED BY | | |
| CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No  If your answer is Yes, why is another registration being sought? (Check appropriate box.) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant

c ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is Yes, give **Previous Registration Number** ▶                **Year of Registration** ▶

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼                **a**

Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼                **b**

**6**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼                Account Number ▼                **a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼                **b**

Holly Ross c/o Williams Sonoma, Inc   3250 Van Ness Avenue   San Francisco   CA 94109

Area code and daytime telephone number ▶ 415 616 8627                Fax number ▶ 415 277 0698

Email ▶ hross@wsgc.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   Williams Sonoma, Inc
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date

Holly Ross                Date ▶ 02/03/06

Handwritten signature (X) ▼

| Certificate will be mailed in window envelope to this address | Name ▼ Holly Ross c/o Williams Sonoma, Inc |
|---|---|
| | Number/Street/Apt ▼ 3250 Van Ness Avenue |
| | City/State/ZIP ▼ San Francisco   CA 94109 |

Complete all necessary spaces
Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

Library of Congress
Copyright Office TX
101 Independence Avenue S E
Washington D C 20559-6222

**9**

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev July 2003—xxx   Web Rev July 2003   ⊕ Printed on recycled paper                U S Government Printing Office 2000-461-113/20 021

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES ...

TX 6-453-549

( 1A )            TXU

**EFFECTIVE DATE OF REGISTRATION**

JUN - 8 2006

Month            Day            Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**
Pottery Barn Catalog - Summer 2006 - Summer Savings

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.     **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

## 2

**a**

**NAME OF AUTHOR ▼**
Williams-Sonoma, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author to which copyright is claimed. ▼
Text and pictorial matter

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

## 3

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2006     ◀ Year

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ 05     Day ▶ 23     Year ▶ 2006     ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Williams-Sonoma, Inc., 3250 Van Ness Avenue, San Francisco, CA 94109

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

**APPLICATION RECEIVED**
JUN 0 8 2006
**ONE DEPOSIT RECEIVED**
JUN 0 8 2006
**TWO DEPOSITS RECEIVED**
JUN 0 8 2006
**FUNDS RECEIVED**

DO NOT WRITE HERE

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.     • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY ~~signature~~                    FORM TX

CHECKED BY

☐ CORRESPONDENCE
☐ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶                    Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

**6**

See instructions
before completing
this space.

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                    Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/ZIP ▼

Holly Ross c/o Williams-Sonoma, Inc., 3250 Van Ness Avenue, San Francisco, CA 94109

**b**

Area code and daytime telephone number ▶ 415 616 8627                    Fax number ▶ 415 277 9698
Email ▶    hross@wsgc.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of    Williams-Sonoma, Inc.
of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Holly Ross                    Date ▶ 06/05/06

Handwritten Signature (X) ▼
X ~~signature~~

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Holly Ross c/o Williams-Sonoma, Inc.

Number/Street/Apt ▼
3250 Van Ness Avenue

City/State/ZIP ▼
San Francisco, CA 94109

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office-TX
101 Independence Avenue, S.E.
Washington, D.C. 20559-6222

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: July 2003—xxx   Web Rev: July 2003   ® Printed on recycled paper                    U.S. Government Printing Office: 2000-461-113/20,021

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6–506–749

EFFECTIVE DATE OF REGISTRATION

NOV 14, 2006
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**1** TITLE OF THIS WORK ▼

Pottery Barn Catalog  Early Fall 2006  Inspired Decorating

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical serial or collection give information about the
collective work in which the contribution appeared    Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2** **a** NAME OF AUTHOR ▼

Williams Sonoma, Inc

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a
work made for hire ?
☑ Yes
☐ No

AUTHOR S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

WAS THIS AUTHOR S CONTRIBUTION TO
THE WORK
Anonymous?    ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No

If the answer to either
of these questions is
"Yes see detailed
instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼
Text and pictorial matter

**NOTE**

Under the law
the author of
a work made
for hire is
generally the
employer not
the employee
(see instruc
tions) For any
part of this
work that was
made for hire
check Yes in
the space
provided give
the employer
(or other
person for
whom the work
was prepared)
as Author of
that part and
leave the
space for dates
of birth and
death blank

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a
work made for hire ?
☐ Yes
☐ No

AUTHOR S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR S CONTRIBUTION TO
THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No

If the answer to either
of these questions is
Yes see detailed
instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a
work made for hire ?
☐ Yes
☐ No

AUTHOR S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR S CONTRIBUTION TO
THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No

If the answer to either
of these questions is
Yes see detailed
instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

---

**3** **a** YEAR IN WHICH CREATION OF THIS
WORK WAS COMPLETED This Information
must be given
2006    Year in all cases

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information    Month ▶ 07    Day ▶ 18    Year ▶ 2006
ONLY if this work
has been published    ◀ Nation

---

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as
the author given in space 2 ▼

Williams Sonoma  Inc  3250 Van Ness Avenue, San Francisco  CA 94109

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in
space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED  AUG 0 4 2006
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED  AUG 0 4 2006
FUNDS RECEIVED
FUNDS RECEIVED  NOV 14 2006

See instructions
before completing
this space

---

MORE ON BACK ▶    Complete all applicable spaces (numbers 5 9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
   Yes

FORM TX

FOR
COPYRIGHT
OFFICE
USE
ONLY

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is  Yes  why is another registration being sought? (Check appropriate box ) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by this author as copyright claimant
c ☐ This is a changed version of the work  as shown by space 6 on this application
If your answer is  Yes  give  **Previous Registration Number** ▶                    **Year of Registration** ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

a

**6**

See instructions
before completing
this space

**Material Added to This Work** Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

b

---

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
**Name** ▼                                    **Account Number** ▼

a

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Holly Ross c/o Williams Sonoma Inc  3250 Van Ness Avenue  San Francisco, CA 94109

b

Area code and daytime telephone number ▶ 415 616 8627                    Fax number ▶ 415 277 9698
Email ▶
hross@wsgc com

**CERTIFICATION**  I  the undersigned hereby certify that I am the
                                    Check only one ▶
of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   Williams Sonoma  Inc
   Name of author or other copyright claimant  or owner of exclusive right(s) ▲

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Holly Ross                                    Date ▶ 07/21/06

Handwritten signature (X) ▼

X

---

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Holly Ross c/o Williams Sonoma  Inc

Number/Street/Apt ▼
3250 Van Ness Avenue

City/State/ZIP ▼
San Francisco  CA 94109

Complete all necessary spaces
Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3 Deposit material
Library of Congress
Copyright Office  TX
101 Independence Avenue S E
Washington D C 20559-8222

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection
with the application  shall be fined not more than $2 500

Rev July 2003—xxx  Web Rev July 2003  ☺ Printed on recycled paper                    U S  Government Printing Office  2000-461 113/20 021